*Richmond.*

## CITY OF PETERSBURG v. PETERSBURG BENEVOLENT MECHANICS ASSOCIATION.

### February 28, 1884.

1. CONSTITUTIONALITY OF STATUTES—*Exemption from taxation—Strict construction.*—Code 1873, chapter 33, section 14, and the acts amendatory thereof, exempting from taxation property owned by benevolent associations, is valid under article tenth, section three of the State constitution. The power of the legislature to exempt from taxation is absolute; but taxation is the rule—exemption the exception, and the intent of the legislature to exempt must be clear.

2. IDEM—*Idem—Proceeds.*—The grant of power to exempt from taxation all property used for benevolent purposes, carries with it the power to exempt property the *proceeds* whereof is used for those purposes.

3. CHARITABLE PURPOSES.—Where the revenues of an association are applied wholly to paying its current expenses, the assistance of its indigent members, and the families of such as have died in need, these are charitable purposes, and it is not essential that they shall be universal.

4. CONSTRUCTION OF STATUTES.—When by Acts 1876-7, chapter 301, section 15, the legislature to the proviso contained in Acts 1874-5, chapter 206, section 15, added the words "but where a part of such proceeds are used for charitable or school purposes, then to that extent the said property shall be exempt from taxation," it intended to include property of such associations used for "any private purpose or for profit," and to exempt such property to the extent its proceeds are used for such purposes.

Appeal from decree of hustings court of city of Petersburg, rendered 25th February, 1881, in suit wherein the Petersburg Benevolent Mechanics Association was plaintiff, and the City of Petersburg was defendant.

The question was, whether the real estate of the association is subject to taxation. No tax on its property is as--

sessed by the State, but in 1880 it was assessed for taxation by the city of Petersburg, and the collection of the tax was enjoined by the corporation court of that city. The property in question is a lot in Petersburg, upon which is a building, one-third of which is used by the association, and the other two-thirds is rented out and the proceeds applied exclusively to the purposes of the association. The association claimed the right of exemption under an act of the legislature, approved April 2, 1877, which provides that real estate owned by Masonic, Odd-Fellows, and other like benevolent associations, when the proceeds arising from said property are devoted exclusively to charitable or school purposes, shall be exempt from taxation. The claim to exemption was resisted by the city on three grounds: 1. Because the legislature has no power, under the constitution, to exempt property from taxation which is not used by the association, although the proceeds derived from its use are applied to the purposes of the association. 2. Because the proceeds arising from the leased property are not applied to charitable purposes; and 3. Because the statute relied on does not exempt property which is used for private purposes or for profit, no matter to what purposes the proceeds are applied.

The cause was heard on the bill, answers, depositions of witnesses, &c.; and the court perpetuated the injunction.

From this decree the City of Petersburg obtained an appeal from one of the judges of this court.

The other facts are stated in the opinion.

*Richard B. Davis*, for the appellant.

1st. The act of assembly relied on, so far as it purports to exempt from taxation the real estate of benevolent associations whenever the proceeds arising from its use are devoted to charitable or school purposes, is palpably contrary to the constitution of the State, and null and void.

2d The revenues of the said association are not, by its
constitution and by laws, devoted, nor, in point of fact, are
they applied to a charitable or school purpose, within the
meaning of the statute.

3d. Upon a proper construction of the statute relied
upon, no real estate of the said association, which is let to
private use, is exempted from taxation, whatever may be
the purpose to which the proceeds of such use are applied.

In reference to the first, the constitution lays down, as
the general rule to be observed in apportioning taxation,
that all property in the State shall be taxed ratably. The
only exception to the rule is where discretion is left to the
legislature in the third clause of article 10, which is in
these words; "The legislature may exempt all property
used exclusively for State, county, municipal, charitable,
benevolent, educational and religious purposes."

Any exemption from the burden of taxation being in
derogation of common right, this clause giving the power
to exempt must be strictly construed. "All exemptions
must be strictly construed. They embrace only what is
within their terms." Cooley, Tax. 146–7. The power of
exemption is limited by the constitution to cases where the
*property is used exclusively* for charitable purposes, &c.
It does not extend to cases where the proceeds of a private
use of the property is used for charitable purposes. In
order to come within the meaning of the constitution, as
frequently decided by the courts, the use of the property
for charitable purposes must be direct and immediate and
exclusive. *Purvis* v. *Trent*, 3 Exc. 344; *Clarendon's Appeal*, 70 E. C. L. R. 804; *Wyman* v. *City St. Louis*, 17 Mo.
335; *State* v. *Ross*, 4 Zab. 134; *Pierce* v. *Inhabitants of Cambridge*, 2 Cush. 611; *St. Mary's College* v. *Crowl, Treasurer*, 10 Kansas, 442; *Cincinnati Col.* v. *State*, 19 Ohio, 110.

In the last case cited the court says: "On the part of the
Cincinnati College it is contended that although the prop-

erty is not immediately used for literary or scientific purposes, yet the fact that the fund is to be applied to such purposes brings it within the exemption of this statute. The language of the statute is very explicit. . . . The buildings belonging to scientific and literary societies are to be used exclusively for scientific and literary purposes to bring them within the exemption. It would, we think, be a forced construction of language to say that this building, with its eight stores, its merchant's exchange, and its other rooms used for miscellaneous purposes, is used exclusively for literary and scientific purposes."

And so in the case from Kansas, where the constitution exempted property of educational institutions used exclusively for educational purposes, and part of the lands belonging to the college were used to raise produce for sale, the court held the property liable to the tax, and said that in order to exempt from taxation the use must be "direct and immediate, not indirect and remote." 10 Kansas, 442, *supra*.

*W. W. & B. T. Crump*, for the appellee.

LEWIS, P., delivered the opinion of the court.

The constitution, Article X, section 3, empowers the legislature to exempt all property from taxation which is "used exclusively for State, county, municipal, benevolent, charitable, educational, and religious purposes." It is contended that exemption from taxation being in derogation of common right, this provision of the constitution must be strictly construed. It is certainly true that public grants, of which exemption from taxation is one, are always to be construed strictly. Liability to taxation is the rule, exemption the exception, and before such exemption can be admitted, the intent of the legislature to confer it must be

clear beyond a reasonable doubt. *Minot* v. *The Railroad Company,* 18 Wall. 206; Cooley on Taxation, 146. And hence it has often been held in respect to property exempt from taxation by statute when used for particular purposes, that the right of exemption ceases when the property is used for other and different purposes, although the income derived from its use is applied to the purposes which the legislature had in view. *St. Mary's College* v. *Crowl, Treasurer,* 10 Kan. 442; *Cincinnati College* v. *The State,* 19 Ohio, 110; *Pierce* v. *The Inhabitants of Cambridge,* 2 Cush. 611; *State* v. *Ross,* 4 Zab. 497, and many other cases cited by the appellant's counsel. But this rule in regard to the judicial construction of statutory grants has no application when the power and not the intent of the legislature is the question involved. Except where limited by the constitution, either expressly or by necessary implication, the power of the legislature over all subjects of general legislation, including the power of taxation as well as the power of exemption from taxation, is absolute. And every statute, the object and provisions of which are within the acknowledged powers of legislation, is presumed to be constitutional, until the contrary is clearly demonstrated. Whether the effect of the provision of the constitution quoted, when fairly construed, is a limitation on the power of the legislature in respect to the exemption of property from taxation, or whether its power over the subject is unlimited, as was held by two of the judges in *Williamson* v. *The Auditor,* 33 Gratt. 237, and as to which Judge Burks, who concurred in the judgment, expressed no opinion, is a question which need not be decided in the present case. It is sufficient to say that we think the grant of power to exempt all property used for the purposes enumerated, carries with it the power to exempt property the proceeds of which are devoted to any of those purposes, and that the act in question is constitutional and valid.

But the appellant denies that the proceeds in the present case are applied to charitable purposes, as the appellee contends. It is insisted that a charitable use, within the meaning of the act, must be *a public* use. The authorities relied on by the counsel for the appellant are cases which arose under the statute of the 43d Elizabeth, relating to "charitable uses," or similar statutes not in force in this State, and have no bearing on the present case. The objects of the association, which was incorporated by the legislature in 1826, are set forth in its constitution and by-laws, and in the preamble thereto, which declares that in instituting a society of mechanics, charity should be the principal but not the only object. Its revenues, as the testimony shows, are wholly applied to the payment of its current expenses, the assistance of its indigent members, and the families of such of them as may have died in needy circumstances. These are charitable purposes, and the relief afforded is none the less charity because confined to members of the association and the families of deceased members. It is not essential to charity that it shall be universal. *City of Indianapolis* v. *The Grand Master, &c.*, 25 Ind. 518.

We think the exemption conferred by the act extends to the present case. By the act approved March 16, 1874 (Acts 1874–75, page 219), the real estate owned by Masonic, Odd-Fellows and other like benevolent associations, where the proceeds arising from said property were devoted exclusively to charitable or school purposes, was exempt from taxation, with the proviso, however, that no lot or building should be exempt which was used wholly or partially for any private purpose, or for profit. But by the act now in force (Acts 1876–77, pages 302–3), to the proviso contained in the act of 1874, is added these words, "but where a part of such proceeds are used for charitable or school purposes, then to that extent the said property shall be exempt from

taxation." Manifestly, in adding these words to the language employed in the former act, the legislature intended to include property of such associations used for "any private purpose or for profit," and to exempt it to the extent that the proceeds are applied to the purposes mentioned. Here, the proceeds are exclusively devoted to the purposes of the association, or, in other words, to charitable purposes, and hence the property in question is exempt from taxation. With the policy of the act the courts have nothing to do; their province is simply to enforce it as it is.

The decree of the corporation court is affirmed.

DECREE AFFIRMED.