## Richmond.

WHITING & ALS. V. TOWN OF WEST POINT.

March 17th, 1892.

1. MUNICIPAL CORPORATIONS—*Powers.*—A municipal corporation is a mere local agency of the state, having no powers except such as are clearly and unmistakably delegated by the legislature, and they must be strictly construed.
2. IDEM—*Taxation — Exemption.*—Delegated power to tax, does not imply power to exempt from taxation, and where a municipality is authorized to tax *all* property, it can exempt none.
3. CASES—*Criticised.*— *Williamson* v. *Massey, Auditor,* 33 Gratt. 237, is no authority for any other case. In *City of Petersburg* v. *Association,* 78 Va. 431, no question as to the powers of municipalities was before the court. The same may be said of the case of *O. & A. R. R. Co.* v. *Alexandria,* 17 Gratt. 176. In *Danville* v. *Shelton,* 76 Va. 325, only one judge concurred in the opinion delivered in the case, and the decision is no authority for any other case.
4. CONSTITUTION—*Article X—Quære.*—Whether under this article which requires among other things, that state and municipal taxation shall be equal and uniform and that all property shall be taxed in proportion to its value, it would be competent for the legislature to authorize municipal corporations to make exemptions like the one in the case here, is a question upon which this court expresses no opinion.

Petition for a *mandamus* by C. T. Whiting and others, " tax-payers of the town of West Point," to compel the town council to assess for taxation the property of the West Point Terminal Railway and Warehouse Company. On the 10th of June, 1882, an ordinance was passed exempting the property of the company so long as it should keep its principal office in Virginia within the corporate limits of the town.

This ordinance was, on the 2nd of June, 1890, repealed, but was afterwards "revived and re-enacted" by an ordinance passed on 1st of September, 1890. The principal ground upon which the writ was prayed for was that the exemption was unauthorized and void. Other facts are stated in the opinion.

*H. R. Pollard* and *Isaac Diggs*, for petitioners.

*W. W. Gordon*, for respondents.

LEWIS, P., delivered the opinion of the court.

The real question in the case is whether a municipal corporation has the inherent power to exempt from taxation any property which by its charter it is authorized to tax. The town of West Point, by the fourteenth section of its charter, is authorized to tax "all the real and personal property" in the town; and by the following section it is made the duty of the town council annually to appoint an assessor, whose duty it is to assess "*all* personal property and *all* improvements put upon real estate" in the town since the last preceding assessment. Nothing is said in the charter about making exemptions. Has the corporation, then, the power to make them? We think it clear, both upon principle and authority, that it has not.

A municipal corporation has no element of sovereignty. It is a mere local agency of the state, having no other powers than such as are clearly and unmistakably granted by the law-making power. A doubtful corporate power, it has been said, does not exist; and when any power is granted, and the mode of its exercise is prescribed, that mode must be strictly pursued. *Minturn* v. *Larue*, 23 How. 435; *Roper* v. *McWhorter*, 77 Va. 214; *Gceen* v. *Ward*, 82 *Id.* 324; *City of Richmond* v. *Daniel*, 14 Gratt. 385; 1 Dill. Mun. Corp. (4th ed.), sec. 91.

Now, the power of taxation is not only an attribute of sov-

ereignty, but it is essential to the existence of government; and as all are protected by the government, so all should contribute to its support. "However absolute the right of any individual may be," says Chief-Justice Marshall, "it is still in the nature of that right that it must bear a portion of the public burdens, and that portion must be determined by the legislature." *Providence Bank* v. *Billings*, 4 Pet. 514. Nor, strictly speaking, is this power of the legislature transferable; for, as we shall presently see, whenever taxes are imposed, whether by a municipality or the state, it is, in legal contemplation, the act of *the state*, acting either by her own officers or other agents designated for the purpose.

So, also, is the power to make exemptions sovereign in its nature, and likewise resides in the legislature, unless the constitution otherwise ordains.

It is, therefore, a legal solecism to say that the power of exemption, or any other sovereign power, is inherent in a municipal corporation, which, though invested with certain governmental powers for local purposes, is in no particular sovereign.

An eminent writer, in treating specifically of the right to make exemptions, observes that the general rule on the subject is well settled and familiar. "Pertaining, as it does, to the sovereign power to tax," he says, "the inferior municipalities of a state are not possessed of it, and cannot, therefore, make exemptions, except as expressly authorized by the state," and that "when properly made they must be determined in the legislative discretion; but even this," he adds, "is not untrammeled." Cooley, Taxation, 200.

Judge Dillon, Desty and other writers on the subject, state the doctrine in the same way, and the adjudged cases to the same effect are numerous.

A leading case, and one which closely resembles the present, is *State* v. *Hannibal & St. J. R. Co.*, 75 Mo. 209. In that case the city of Hannibal contracted with the railroad company to

exempt its property from city taxation for and in consideration
of the annual payment by the company of $700.. The con-
tract recited that the company denied the right of the city to
tax its property, and intended, if such alleged right was exer-
cised, to remove its general office and machine-shops from the
city to some other point; and it was this that led to the making
of the contract. Several years after the date of the contract—
the company having in the meantime fully complied with it—
the property of the company was assessed for city taxes, and
thus the question arose whether the contract was valid; and
it was held that it was not.

The court rested its decision upon the ground that the
power to make exemptions was not conferred by the city's
charter, and that the delegated power to tax was in the nature
of a public trust, which could not be surrendered in whole or
in part. No argument, it was said, was necessary to show that
the same principle which forbids the absolute cession, by a
municipality of this power, likewise forbids that which approxi-
mates thereto—namely, the right to make exemptions. It was
said, moreover, that the idea of taxation imports equality of
apportionment; that it is this which distinguishes taxation from
arbitrary exaction, and that the exemption of the property of
one person casts an inequitable burden on others not thus
graciously favored.

The same principle was enforced in *Austin* v. *Gas Company*,
69 Tex. 180. In that case the city of Austin contracted with
the defendant company to exempt its property from taxation
in consideration of its furnishing gas to the city at a reduced
rate. The contract, however, was held to be *ultra vires*.
" The legislature," said the court, " never having attempted to
confer upon the city the power to exempt any property which
it was authorized to tax, the contract relied upon, in so far as it
attempted to give the exemption claimed, must be held void."

In *Wilson* v. *Supervisors*, 47 Cal. 91, an order remitting taxes,
though made pursuant to a legislative act, was held void, on

the ground that it was repugnant to the Constitution of California, which provides that "taxation shall be equal and uniform," and that "all property shall be taxed in proportion to its value."

These authorities, which are only a few of many that might be cited to the same effect, show that the rule requiring all municipal powers to be construed strictly, applies especially to a case like the present. And the reason, as already suggested, is this: that the power of taxation, being an attribute of sovereignty, can be exercised only by the sovereign. Hence, when delegated by the legislature to a municipal corporation, the latter is considered, as *pro hac vice*, the agent of the state, acting for the benefit of the municipality. In other words, the municipality, in the eye of the law, is the hand of the state by which the tax is laid and collected. Therefore, the statutory authority must be strictly pursued; for as an agency to sell does not imply an agency to buy, so neither does a delegated power to tax imply a power to exempt. If this were not so, and if a municipal corporation could, at pleasure, exempt the property of one person, it could exempt the property of all, and thus deprive itself of the means of existence, or of accomplishing the objects for which it was created.

This principle, which is the touch-stone of the case, is not a new one. It has been recognized not only by this court, but by the Supreme Court of the United States, and other courts of last resort in this country. Indeed, it lies at the very foundation of the law of municipal corporations. In *Gilman* v. *City of Sheboygan*, 2 Black, 510, it was clearly stated in these words: "The laying of taxes by the authorities of a county, city, or town, for their support, is as much the exercise of the taxing power as when levied directly by the state for its support. The state acts by the municipal governments, and their acts are as much the act of the state as if the state acted by its own officers."

Nor was it less clearly stated in the opinion of this court,

delivered by Judge Joynes, from which there was no dissent, in *Langhorne* v. *Robinson*, 20 Gratt. 661.   In that case there was a statute authorizing the city of Lynchburg to tax all the property within, and for half a mile round and beyond, its corporate limits, to enable the city to meet certain of its obligations.   It was contended that the act, in so far as it authorized the city to tax property beyond its limits, was unconstitutional, as authorizing taxation without representation.   But the objection was overruled, on the ground that, in a legal sense, the tax was imposed by the state, and that it was competent for the legislature to delegate the power to collect it to local agents not elected by the people outside of the city, although the taxes when collected were to go into the city treasury.

And in the *City of Richmond* v. *R. & D. R. R. Co.*, 21 Gratt. 604, Judge Staples, speaking for the court, after observing that municipal corporations are mere auxiliaries of the state government, established for the more effective administration of the government, and that when they exercise the delegated power of taxation, they act as agencies of the state, and not by virtue of any inherent authority, laid it down, as a corollary from these propositions, that the power to say what species of property shall be the subject of taxation or exemption belongs to the legislature.

The application of these principles is decisive of the present case.   They are certainly reasonable, and are conceded to be well settled in the jurisprudence of the country outside of Virginia. But are they not also law in Virginia?   In what does a municipal corporation in Virginia differ in its nature from the municipalities of other states?   In nothing whatever.   At all events, if there be any such difference it has not been suggested in the argument at the bar, nor can we imagine any.   The defendants, however, rely, in support of their views, upon two recent cases in this court, viz: *Williamson* v. *Massey, Auditor*, 33 Gratt. 237, and *Town of Danville* v. *Shelton*, 76 Va. 325.

The first of these cases, so far from settling anything in regard to the powers of a municipal corporation, in no way relates to the subject. The single question there was whether it was competent for the legislature to exempt from taxation the bonds of the state issued under the act of March 28th, 1879. Judge Anderson filed a written opinion, which was not the opinion of the court, nor does it purport to be, in which he took the ground that the power of the legislature to make exemptions was unrestricted. And he also took occasion to say—though obviously foreign to the case—that municipal corporations have the same power. His idea was that the exercise of this power by the local authorities is often essential to the introduction and growth of manufactures and other industrial enterprises, which tend to build up the cities and towns and to advance the prosperity of the state. But in this opinion Judge Christian alone concurred. Moncure, P., was absent; Judge Staples dissented; and Judge Burks, who concurred in awarding the *mandamus,* did so on the distinct ground, as he stated, that the power to exempt the bonds in question was incidental to the power to contract and to provide means for paying such obligations. He did not consider it necessary, he said, to decide the question as to the general power of the legislature to make exemptions, and declined to express any opinion upon it.

The point was, therefore, left undecided, as it afterwards was in *City of Petersburg* v. *Petersburg Ben. Asso.,* 78 Va. 431. But had it been decided, the decision could not affect the power of municipalities, for no such question was before the court.

It is insisted, however, that the question was settled in *Town of Danville* v. *Shelton,* 76 Va., *supra.*

The first comment we have to make upon that case is that, although not so stated by the reporter, the fact is the case was heard by three judges only. Moncure, P., sat in no case reported in that volume, and Judge Staples, as the record shows (Order Book No. 26, p. 324), was "absent" also. Judge

Burks concurred in the results merely, and, in view of what he had previously said in *Williamson* v. *Massey*, the inference is irresistible that he did so because of some point or points in the case other than that relating to exemptions.   But be that as it may, Judge Anderson's opinion was concurred in by Judge Christian only; and it need hardly be said that a case so disposed of is no authority for any other case.   It is not "a precedent," under the rule of *stare decisis.   City of Dubuque* v. *Ill. Cent. R. R.*, 39 Iowa, 56, 79.

But aside from this, is the opinion upon the point involved in the present case sound?   The question there was as to the validity of an ordinance, passed the same day it was introduced in the council, imposing taxes and exempting the property of a certain building association.   The charter of the town provided that no ordinance imposing taxes should be valid unless introduced ten days before its passage.   Accordingly the ordinance was assailed (1) because it was repugnant to this provision of the charter; (2) because the exemption was illegal; and (3) because of the inequality of the tax imposed upon the plaintiffs.

Judge Anderson, after fully discussing the first objection, held it to be well taken, as it undoubtedly was, and that was decisive of the case.   The second point he disposed of in few words, saying: "I am of opinion that the council had the power of exemption.   This question was thoroughly considered in *Williamson* v. *Massey*, and I beg to refer to what I said upon it in that case."   He also referred to *City of Richmond* v. *R. & D. R. R. Co.*, 21 Gratt. 604, and *O. & A. R. R. Co.* v. *Alexandria*, 17 *Id.* 176.

The first-mentioned case has already been commented on. One of the questions in the second was as to the power of the legislature (under the Constitution of 1830) to exempt the property of the railroad company from city taxation, as was done in its charter, granted in 1847, and it was held that it had such power.   And the case in 17th Grattan turned simply

upon the construction of a statute, the question being whether the legislature intended to exempt the property of the railroad company from taxation by the city of Alexandria. No question as to the power of a municipal corporation to make exemptions arose in either case. It is obvious, therefore, that the authorities cited do not support the proposition for which they were cited; so that the opinion of Judge Anderson is without the support of Virginia authority, and is contrary, as is conceded, to the settled law in other states, and, it may be added, to public policy and principle as well.

Whether, under the provisions of Article X of our present constitution, requiring, among other things, that state and municipal taxation shall be equal and uniform, and that all property shall be taxed in proportion to its value, it would be competent for the legislature to authorize municipal corporations to make exemptions like the one in question, is a question upon which we express no opinion, since, confessedly, there is no legislative warrant for the exemption complained of. Undoubtedly, unless forbidden by the fundamental law, the legislature of a state may for a consideration grant away the power of taxation, either for a specified period or permanently. Instances of this sort have frequently occurred in granting private charters; and it was, no doubt, to such cases that Judge Staples referred in *City of Richmond* v. *R. & D. R. R. Co.*, *supra*, when he said that the power of the legislature to surrender the power of taxation in specific cases, had been exhaustively discussed by the Supreme Court of the United States, and that the law on the subject was well settled. See *Home of the Friendless* v. *Rouse*, 8 Wall. 430, and cases cited.

But this is beside the present case, for here it is the power, not of the legislature, but of a municipal corporation, that is drawn in question.

We think the petitioners are entitled to the writ. To hold that a municipal corporation in Virginia inherently possesses the important and responsible power contended for by the

defendants, would be a dangerous doctrine. The circumstances of this very case are at least suggestive of the liability to abuse of such a power in such hands. It appears that of the seven members of the council when the ordinance restoring the exemption in question was passed, four were employees of the Terminal Company. The latter all voted for the ordinance, whilst those not so employed voted against it. The result was to relieve the company of a municipal tax on property assessed at $710,480.15, thereby to that extent increasing the burdens to be borne by others. And whilst these remarks are not meant as a reflection upon the council, or any one else, yet the facts just mentioned ought to serve as a warning against establishing a doctrine in this state that has been wisely rejected elsewhere.

The judgment of the court is to award the writ as prayed for in the petition.

LACY, J., and RICHARDSON, J., *dissented.*

MANDAMUS AWARDED.