CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY
COMPANY *v.* TOWN OF SALEM.

[No. 20,656.   Filed February 2, 1906.]

1. COURTS. — *Town Clerks.—Jurisdiction.—Railroads.—Lights.— Ordinances.*—Town clerks have jurisdiction over prosecutions for the violation of town ordinances (§§4346-4346d Burns 1901, Acts 1901, p. 57).  p. 74.

2. MUNICIPAL CORPORATIONS.—*Ordinances.—Construction.—Railroads.—Lights.*—A town ordinance requiring railroad companies to maintain lights at street crossings and prescribing a penalty for failure, is penal, and is subject to strict construction.   p. 74.

3. SAME.—*Ordinances.—Specific.*—Penal ordinances, to be valid, must be specific.   p. 75.

4. SAME. — *Ordinances.—Specific.—Railroads.—Lights.*—A town ordinance requiring railroad companies to maintain "electric lights of such candle-power, not to exceed 2,000 candle-power, and give such lighting service as the town of S. maintains," is not sufficiently specific, since no standard is fixed.   p. 75.

5. EVIDENCE.—*Judicial Notice.—Municipal Corporations.—Lights.*—Courts can not take judicial notice of the character of lights maintained by the towns of the state.   p. 76.

6. MUNICIPAL CORPORATIONS. — *Ordinances. — Penal.—Presumptions.*—The presumption is that the legislature did not grant municipal corporations a greater latitude in defining offenses than the legislature itself exercises, and that is, that the description must be specific.   p. 76.

7. SAME. — *Ordinances. — How Repealed. — Amendments.* — A municipal ordinance can be amended or repealed only by the passage of another ordinance.   p. 76.

8. SAME. — *Ordinances. — Penal. — Railroads.—Lights.*—A town ordinance requiring a railroad company, under penalty, to maintain lights at street crossings equal in intensity to those maintained by such town is not sufficiently specific, since the intensity of the town's lights may be changed without any ordinance therefor.   p. 76.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Prosecution by the Town of Salem against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field* and *H. R. Kurrie,* for appellant.
*Mitchell & Mitchell,* for appellee.

MONTGOMERY, J.—Appellee commenced this action April 27, 1904, before the clerk of the town of Salem, charging appellant with having run its locomotives and trains over Main street, South High street and East Market street in said town in violation of an ordinance adopted March 24, 1902, a copy of which ordinance was filed with and made a part of each paragraph of complaint. The ordinance upon which the action was based reads as follows:

"An ordinance requiring railroad companies to keep and maintain an electric light wherever a track of a railroad company crosses a public street in the town of Salem, Indiana.

Whereas, it is necessary for the security and safety of citizens and other persons from the running of trains through the town of Salem, by railroad companies owning and operating a railroad through said town, that an electric light be kept and maintained as hereinafter directed, wherever the track of such railroad company crosses a public street in said town: Now, therefore:

Section 1. Be it ordained by the board of trustees of the town of Salem, in Washington county, State of Indiana, that the Chicago, Indianapolis & Louisville Railway Company, or any other railway company which passes through the town of Salem, over and upon the streets of said town, is required to erect, establish and maintain electric lights of such candle-power, not to exceed 2,000 candle-power, and give such lighting service as the town of Salem maintains and supports, and being governed in such service, according to moonlight schedule, with the following modifications, to wit: That said company shall turn on the lights at night, twenty minutes before the arrival of any and all trains, at the station thereof, and

shall keep the same turned on and lighted until twenty minutes after the departure of any and all trains, except on cloudless, moonshine nights, when said company or companies are not required to turn on said lights; that said lights shall be placed at the following points, to wit: One where said company's right of way intersects South Main street, one where said company's right of way intersects South High street, and one where said company's right of way intersects East Market street. At each of said points said railroad passes over said streets which are within the corporate limits of said town of Salem; that said streets at said points of crossing are much used by the public and that said lights required to be so placed are for the protection and safety of said traveling public.

Section 2. Be it further ordained that it shall be unlawful for said railway company or companies to operate its or their locomotives or trains of cars over and upon said streets, from and after this ordinance has been passed and approved by said board of trustees, and the publication of said ordinance according to law, until said railway company places said lights and maintains the same at the points set forth in section one of this ordinance.

Section 3. It is further ordained that for each and every violation of the provisions of sections one and two of this ordinance, the railway company shall forfeit and pay to said town a sum of $10, the payment of which may be enforced by suit by said town before any justice of the peace in said corporation.

Section 4. Be it ordained that this ordinance shall take effect and be in full force thirty days from and after said ordinance has been published according to law.

Section 5. That ordinance No. 135 is hereby repealed.

Read, approved and adopted by the board of trustees of the town of Salem, Indiana, this 24th day of March, 1902."

A trial before the town clerk resulted in a judgment for appellee, from which an appeal was taken to the circuit court, where the cause was retried with the same result. De-

murrers were filed to each paragraph of the complaint both before the town clerk and the circuit court, on the ground that the court had no jurisdiction of the subject-matter, and because of a want of facts to constitute a cause of action. These demurrers were overruled, and exceptions duly saved.

The insufficiency of the complaint is the first and chief error relied upon for a reversal of the judgment.

The statute upon which the ordinance in question was predicated is as follows: "That the board of trustees of all towns in this State shall have the power and authority is hereby given them to provide by ordinance or resolution for the security and safety of the citizens and other persons from the running of trains through any town by requiring the railroad companies running and operating a railroad through any town to keep and maintain lights on all nights that the board of trustees may direct at such points where the railroad tracks cross a street in any town, and such board of trustees may in such ordinance or resolution provide what kinds of lights the railroad company shall maintain and the manner of enforcing compliance with the resolution or ordinance by the railroad company, and for that purpose shall have the power to pass and enforce a penal ordinance: Provided, that no town shall have the authority under this act to pass any resolution or ordinance to require any railroad company to maintain any different kind of lights than that maintained by the town." §4357b Burns 1901, Acts 1901, p. 344.

The jurisdiction of town clerks (§§4346-4346d Burns 1901, Acts 1901, p. 57) over prosecutions for the violation of town ordinances has been expressly declared

1. by this court. *Chicago, etc., R. Co.* v. *Town of Salem* (1904), 162 Ind. 428.

The primary question for decision is the sufficiency of the complaint. We shall not consider its mere formal allegations, but direct attention immediately to the

2. invalidity of the ordinance upon its face. The statute above quoted, authorizing the board of trus-

tees of a town to require railroads to maintain a light at any point where their tracks cross a street within the town, when demanded for the security and safety of persons, empowered the town to exact the same kind of light as that maintained by it, to prescribe the lighting service deemed necessary, and also, for the accomplishment of this purpose, to pass and enforce a penal ordinance. The provisions of the ordinance sought to be enforced in this action are of a penal character, and therefore subject to strict construction. *Chicago, etc., R. Co.* v. *City of Crawfordsville* (1905), 164 Ind. 70.

3. A fundamental essential of a valid penal ordinance is that its provisions be certain and specific. Cooley, Const. Lim. (6th ed.), 243; Horr & Bemis, Mun. Police Ordinances, §78; McQuillin, Mun. Ordinances, §20.

4. The provisions of the ordinance under consideration, with respect to the character of light and service required of appellants, are that it erect and maintain "electric lights of such candle-power, not to exceed 2,000 candle-power, and give such lighting service as the town of Salem maintains," with certain specified modifications in the service. The town was authorized, as already stated, to prescribe the kind of light which it would require; and, having elected to designate the kind of light, it should also specify with reasonable certainty the character or degree of such light which in its judgment would be adequate. It is apparent that this ordinance does not specify or attempt to specify the particular light which appellant must furnish, but only provides that it shall be an electric light not exceeding 2,000 candle-power. In other words, the ordinance does not attempt or purport to furnish the standard by which appellant's guilt or innocence may be determined upon a charge of noncompliance, but under its terms that standard may be a varying one, and must be found *dehors* the ordinance, and perhaps established by parol testimony.

Courts can not take judicial knowledge of the character of light supplied and maintained at any given time by an incorporated town of the State, nor do we think that persons whose duty is prescribed in a penal ordinance can be required to take notice of such fact, and to conform their conduct thereto. It is a principle of criminal law in this juridiction that "crimes and misdemeanors shall be defined, and punishment therefor fixed by statutes of this State and not otherwise." §237 Burns 1901, §237 R. S. 1881.

Penal ordinances of a city or town are akin to criminal statutes in their nature, and it will not be presumed that the legislative department of the State delegated to a local and inferior body a greater right and more liberal rule in the definition of offenses than that claimed and exercised by itself. The town board has full knowledge at all times of the kind and quality of light maintained by it for public lighting, and no hardship is imposed by requiring the insertion in ordinances of this character of a specific designation of the kind and degree of light deemed necessary at any railroad crossing, provided such light shall be no other kind or of no greater candle-power than that maintained by the town.

The act which amends or repeals a law must be of equal dignity with the act which establishes it; and an ordinance can be amended or repealed only by another ordinance enacted with like formality as the original ordinance. *Bills* v. *City of Goshen* (1889), 117 Ind. 221, 3 L. R. A. 261; *Swindell* v. *State, ex rel.* (1895), 143 Ind. 153, 35 L. R. A. 50; *State, ex rel.,* v. *Swindell* (1897), 146 Ind. 527, 58 Am. St. 375.

This ordinance was intended to be permanent and of continuing operation; but, if appellant was by its terms under a continuing duty to furnish the same quality of light as that furnished by the town, it is manifest that the ordinance would in effect be amended or

repealed by any change which the town might see fit to make in the character of its street lights, whether such lights were furnished directly by the municipality or by contract with a lighting company, and all without the formalities usually employed for the amendment of an ordinance.

Ordinances very similar to the one under consideration have been upheld under the statutes of Ohio. *Village of St. Marys* v. *Lake Erie, etc., R. Co.* (1899), 60 Ohio St. 136, 53 N. E. 795; *Cincinnati, etc., R. Co.* v. *Village of Bowling Green* (1897), 57 Ohio St. 336, 49 N. E. 121, 41 L. R. A. 422. The statutes of Ohio do not authorize the municipality to enact a penal ordinance to enforce performance of the duty to maintain light, and the ordinances upheld provided only for the collection of the costs of erecting and maintaining the required light in case of default on the part of the railroad company. The supreme court of Ohio in *Village of St. Marys* v. *Lake Erie, etc., R. Co.,* *supra,* in sustaining the ordinance, said that it was of a remedial character, and to be liberally construed in order to accomplish the purpose intended, and expressly declared that "the ordinance is not penal. It is not for the punishment of offenses, and is not therefore subject to the rule of strict construction." This declaration is sufficient to explain and justify the difference between the holdings of the courts in that state and in this.

We shall not consider the question of the reasonableness of the ordinance, except so far as indefiniteness on the face of it may be said to make it unreasonable. Our holding is that the ordinance does not contain a sufficiently definite description of the character and degree of light required of appellant at any of the crossings named, and is invalid for that reason. It follows that the complaint was insufficient, and the demurrer thereto, for want of facts, should have been sustained.

This conclusion renders it unnecessary to consider other questions argued. The statute having been amended upon the subject of the lighting service required in such cases, that feature of the present ordinance has not been discussed, as any future ordinance enacted will be made to conform to the requirements of the amended statute.

The judgment is reversed, with directions to sustain appellant's demurrer to each paragraph of complaint.