JOHN J. MARX, PROSECUTOR, v. MAYOR AND COUNCIL OF BOROUGH OF FORT LEE AND THOMAS DALTON, DEFENDANTS.

Submitted October term, 1925—Decided March 2, 1926.

Public Officers—Policeman—Ordinance Fixes Salaries—Policeman Left Force in 1922—In 1925, Upon Condition That He Release Municipality From All Claims, He was Reinstated at a Salary in Advance of the Legal Schedule—Held, That His Reinstatement was Legal, but That His Salary Must Conform to Ordinance.

On *certiorari*, &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Morrison, Lloyd & Morrison*.

For the defendant Thomas Dalton, *Wright Vander Burg & McCarthy*.

For the defendant borough of Fort Lee, *Mackay & Mackay*.

PER CURIAM.

On February 28th, 1923, the mayor and council of the borough of Fort Lee passed an ordinance to establish and regulate the police department of the borough. By section 8 of this ordinance certain qualifications as to the mental ability, physical condition, citizenship and residence, were required of applicants for appointment to the police force,

and that the applicant met these requirements was to be determined by an examination made by the police examining board.

On May 16th, 1923, another ordinance was passed fixing the compensation of the members of the police force. The annual salary for patrolmen thereafter appointed was fixed at $1,700, and for patrolmen then serving at $1,900 with an annual increase of $100 for a limited number of years thereafter.

On January 2d, 1922, the defendant Thomas Dalton, having (according to the recital of the resolution hereinafter mentioned) been a policeman in Fort Lee, "left the department and did not act as a member of the same" from that date. On January 21st, 1925, the mayor and council "upon condition that said Dalton release the borough from all claims or demands of any kind or nature, or any wage, salary or compensation that he might have from the second day of January, 1922, to the date hereof," by resolution reinstated him as a member of the police department as a "patrolman from the 21st day of January, 1925," and by another resolution on February 4th, 1925, fixed his salary at $2,100 per year.

The prosecutor, having no interest except as a citizen and taxpayer of the borough, obtained this writ, and contends that Dalton's appointment is illegal, because no examination of Dalton was made as required by the police department ordinance, and that the resolution fixing his salary at $2,100 is illegal, because in excess of the salary as fixed by the salary ordinance.

No depositions were taken for use on this hearing, and the return, consisting only of the resolutions and ordinances, does not disclose that Dalton was appointed without examiation, as required by the police department ordinance. There is therefore nothing before us to overcome the presumption that the appointment was, in this respect, properly made. And in saying this we do not desire to be understood as holding that the validity of Dalton's appointment can be properly questioned by *certiorari,* as is attempted in this

case. That question we do not find it necessary to determine, for the reason that in this record there is no indication of illegality, and the appointment here must be treated as legal.

But we think that the resolution fixing the salary to be paid to Dalton exceeds the lawful amount and must be set aside. By it he is to be paid $2,100. The salary for patrolmen "now serving" when the salary ordinance was passed, May 16th, 1923, was fixed at $1,900, with an increase of $100 per year for three years "for each year of consecutive service." Dalton was not "now serving" on May 16th, 1923, nor was he in "consecutive service" from that date until his appointment on January 21st, 1925. His appointment was made upon the express condition that he release the borough "from all claims of any kind" from the date he had left the police department. He had left the department January 2d, 1922, and he did not serve as a member of the same from that date. He was therefore not entitled to the pay for patrolmen "now serving" with increase for "continuous service," but he was, as to the police department newly established by the ordinance of February 21st, 1923, a patrolman "hereafter appointed," and was entitled to a salary of only $1,700 with an increase of $100 "for each year of consecutive service" thereafter. The mere resolution of the governing body, fixing Dalton's salary at an amount in excess of that provided by the ordinance, will not serve to repeal or modify the ordinance. To do so necessitates action of like formality to that required for the enactment of the original ordinance. *American Malleables Co.* v. *Bloomfield,* 83 *N. J. L.* 728. In *Christie* v. *Bayonne,* 64 *Id.* 191, this court held that *certiorari* is the appropriate method of testing the legality of municipal action providing for the payment of official salary.

The resolution fixing Dalton's salary at $2,100 per year will be set aside.