## VALENTINE v. CITY OF JUNEAU.

Circuit Court of Appeals, Ninth Circuit. December 3, 1929.

No. 5931.

J. A. Hellenthal and Simon Hellenthal, both of Juneau, Alaska, for appellant.

R. E. Robertson, of Juneau, Alaska, for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. Paragraph 9 of section 12 of the Session Laws of Alaska, 1923, p. 197, relating to municipal corporations, provides that the council shall have the power "to assess, levy, and collect a general tax for school and municipal purposes not to exceed two percentum of the assessed valuation upon all real and personal property, and to enforce the collection of such lien by foreclosure, levy, distress and sale. Provided, however, that all property belonging to the municipality or to the Territory, and the household furniture of the head of the family or a householder, not exceeding two hundred dollars ($200.00) in value, as well as all property used exclusively for religious, educational and charitable purposes shall be exempt." Section 58 provides: "The power granted to the council to assess, levy and collect a general tax for school and municipal purposes, shall be exercised by means of general ordinances duly passed by the councils of such corporations; provided, that the rate of levy and the date of equalization, and date when taxes shall become delinquent, may be fixed by resolution. * * * *" Id., p. 219.

Pursuant to the authority thus conferred, the city of Juneau has provided by general ordinances for the appointment of an assessor, the listing of all property, real and personal, for purposes of taxation, the filing of the assessment roll with the town clerk, notice of the filing of the assessment roll and of the time and place of meeting of the board of equalization, the equalization of the assessment, the tax levy, the date of delinquency, the collection of taxes on personal property by distraint and sale, the preparation of a delinquent list, and its presentation to the District Court for adjustment and order of sale. May 18, 1928, the council attempted, by resolution, to exclude all bonds, moneys, and choses in action, including money on deposit, from assessment and taxation. The present suit was instituted to enjoin the collection of taxes imposed on certain real and personal property owned by the plaintiff for the year 1928. The validity of the tax was challenged on the ground, among others, that the city failed to list or tax corporate stocks and bonds owned by residents of the city, of the aggregate value of more than $1,000,000, exclusive of bonds and stocks exempt from

taxation, and money on hand and on deposit, exceeding in value the sum of $2,000,000. The court below sustained a demurrer to the amended complaint, and from the decree of dismissal this appeal was prosecuted.

We would find no little difficulty in upholding the validity of the taxes in question if their validity depended upon the validity of the exemption allowed by the resolution of May 18, 1928. It is well settled, of course, that the Legislature of a state or territory may classify property for purposes of taxation and may exempt particular property from taxation, in the absence of some limitation contained in the constitution, or other organic law. But the authority of a municipal corporation to allow such exemptions, unless expressly conferred by law, has very generally been denied. McQuillin, Municipal Corporations (2d Ed.) §§ 2559, 2560; Cooley on Taxation (3d Ed.) pp. 344, 356; City of Parkersburg v. Baltimore & O. R. Co. (C. C. A.) 296 F. 78; Mayor, etc., of Jersey City v. North Jersey St. Ry. Co., 78 N. J. Law, 72, 73 A. 609; Whiting v. Town of West Point, 88 Va. 905, 14 S. E. 698, 15 L. R. A. 860, 29 Am. St. Rep. 750; Bessemer Laundry Co. v. City of Bessemer, 215 Ala. 63, 109 So. 104.

Again, the resolution of May 18, 1928, did not relate to the date of levy, the date of equalization, or the date of delinquency, as specified in the statute. It was an attempt on the part of the council to amend general ordinances, relating to the assessment, levy, and collection of taxes, by resolution, and it has been quite generally held that this cannot be done. McQuillin, Municipal Corporations (2d Ed.) §§ 663, 885; Potter v. Calumet Electric Ry. Co. (C. C.) 158 F. 521; American Malleables Co. v. Town of Bloomfield, 83 N. J. Law, 728, 85 A. 167; Marx v. Mayor and Council of Borough of Ft. Lee, 132 A. 320, 4 N. J. Misc. Rep. 274; Chicago, I. & L. Ry. Co. v. Town of Salem, 166 Ind. 71, 76 N. E. 631; Sylvestre v. St. Landry Parish School Board, 164 La. 204, 113 So. 818. Indeed, the statute of Alaska would seem to forbid it. A decision of these questions is perhaps unnecessary, in view of other considerations; but for present purposes we will assume that the attempted exemption was without authority of law.

Did the omission of the exempted property from the assessment roll affect the validity of the taxes as a whole? We think not. Most assuredly, it cannot be said that the omission of property from an assessment roll, through error of judgment or of law, will invalidate all taxes, thus practically putting an end to the operations of government.

In discussing this question, in his work on taxation, Judge Cooley said: "It has been decided in a number of cases that accidental omissions from taxation, of persons or property that should be taxed, occurring through the negligence or default of officers to whom the execution of the taxing laws is intrusted, would not have the effect to vitiate the whole tax. The reasons for this conclusion are summarized in one of the cases as follows: 'The execution of these laws is necessarily intrusted to men, and men are fallible, liable to frequent mistakes of fact, and errors of judgment. If such errors on the part of those who are attempting in good faith to perform their duties should vitiate the whole tax, no tax could ever be collected. And therefore, though they sometimes increase improperly the burden of those paying taxes, the rule which holds the tax not thereby avoided is absolutely essential to the continuation of the government.' It seems difficult to resist the force of this reasoning, and it applies to the case of a mistake of law with the same cogency as to the case of a mistake of fact. Indeed, where the omission has occurred through no purpose to evade or disregard official duty, the occasion which produced it seems wholly immaterial." Cooley on Taxation (3d Ed.) p. 383. His statement of the rule is fully supported by the authorities cited.

Again, it is not at all clear that the appellant did not have a plain, speedy, and adequate remedy at law. If the decision of the board of equalization was not subject to review by the courts of the territory in a direct proceeding, mandamus was a proper remedy to compel the assessment and taxation of the omitted property. Cooley on Taxation, supra, p. 1358. Furthermore, taxes on real property in Alaska are collected through judicial proceedings, and in such proceedings the court has all the powers of a court of equity. Thus, the statute provides that: "If at such hearing the court shall find any tract to be over valued, or over assessed, the same shall be adjusted on equitable principles so that the same shall bear its just proportion of the levy, and the invalidity of the tax on any one tract shall not be considered as a presumption of the illegality of the tax on any other tract. Provided, however, that if the court shall find that the assessment of the value of the property of the party objecting was so high in proportion to other property assessed as to satisfy the court that the city council in equalizing the assessment had acted in bad faith, the entire tax of the objecting party shall be held void, and the costs shall be taxed against the city." Session

Laws of Alaska, supra, p. 227, § 76; Keokuk Bridge Co. v. Salm, 258 U. S. 122, 42 S. Ct. 207, 208, 66 L. Ed. 496. It is hardly necessary to say that a court of equity will not restrain the collection of taxes on the ground of illegality alone. There must be inadequacy of the remedy at law and special circumstances bringing the case under some special head of equity jurisdiction. Dows v. City of Chicago, 11 Wall. 108, 20 L. Ed. 65; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Pittsburgh, etc., Ry. v. Board Public Works, 172 U. S. 32, 19 S. Ct. 90, 43 L. Ed. 354.

No special circumstances are pleaded here to bring the case under any recognized head of equity jurisdiction or to show the inadequacy of the remedy at law, aside from the assertion that the tax lien was a cloud upon the title to the real property, and that if the taxes were paid the city would expend the money. The complaint contains the further allegation that the valuation placed on the property by the board of equalization was excessive, but as said by the court in Keokuk Bridge Co. v. Salm, supra: "The bill fails, also for another reason, to state a case entitling plaintiff to relief. Before the suit was begun it had been decided that the taxing statute was valid, that the property was subject to taxation, that it was assessable as real estate, and that the assessment should be made, as was done, by the county assessor, and not by the State Board of Equalization. The amount of the tax payable was, therefore the only matter in controversy. Under such circumstances a plaintiff seeking an injunction must aver payment or tender of the amount of taxes confessedly due, or at least offer to pay such amount as the court may find to be justly and equitably due. People's National Bank v. Marye, 191 U. S. 272, 24 S. Ct. 68, 48 L. Ed. 180; Raymond v. Chicago Traction Co., 207 U. S. 20, 38, 28 S. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757. The bill contains no such allegation."

The decree of the court below is affirmed.