## Staunton.

### CITY OF ROANOKE v. E. LAND.

September 20, 1923.

1. LICENSES—*Pawnbrokers—Whether Governed by State Statute or Ordinance—Case at Bar.*—The jurisdiction or authority of the corporation court to grant or refuse an applicant a license to exercise or carry on the business of a pawnbroker in the city of Roanoke is fixed by the statute contained in section 79 of the Tax Bill (Code 1919, p. 3133) and not by the city ordinance on the subject.

2. LICENSES—*Pawnbrokers—Whether Governed by State Statute or Ordinance—Case at Bar.*—The legislature has not conferred on the city of Roanoke by the act of Assembly of March 10, 1920, which gave the city council power "to regulate or prevent the exercise of any unwholesome business, trade or employment, within the city," etc., any authority to limit or affect the jurisdiction of the corporation court to grant licenses to pawnbrokers conferred on it by section 79 of the Tax Bill (Code 1919, p. 3133) and ordinances attempting such limitation are null and void.

3. LICENSES—*Pawnbrokers—Section 79 of the Tax Bill.*—The subject of pawnbrokers' licenses is completely covered and wholly governed by the provisions of section 79 of the Tax Bill (Code 1919, p. 3133).

4. ORDINANCES—*General Charter Powers—Conflict with Specific Statute.*—City ordinances adopted under general charter powers in conflict with a specific statute governing the subject are void.

Error to a judgment of the Corporation Court of the city of Roanoke, on application for a pawnbroker's license. Judgment for the applicant. The city assigns error.

*Affirmed.*

In this case the defendant in error, E. Land (hereinafter referred to as the applicant), made two applications to the Corporation Court of the city of Roanoke for a license to exercise or carry on the business of a

pawnbroker in such city, under the provisions of the statute on the subject contained in section 79 of the tax bill (Code, 1919, page 3133), the material provisions of which are as follows:

"The hustings or corporation court of any city * * * may from time to time grant a license to any citizen of the United States, who shall produce satisfactory evidence of his good character to exercise or carry on the business of a pawnbroker in his city * * * which license shall designate the building in which said person shall carry on said business; * *."

When the first application was made, there were already three pawnbrokers licensed to do business in the city of Roanoke, and the city had adopted and promulgated the following ordinance:

"Be it ordained by the council of the city of Roanoke that no greater number than three pawnbrokers shall be licensed to do business in the city of Roanoke."

The city opposed such application on the ground that the ordinance just mentioned is valid and that under it the court could not lawfully grant the license to the applicant.

The court, however, held that such ordinance was invalid and void, because in conflict with the State statute aforesaid, and for other reasons, and granted the license.

The next day the city adopted and promulgated another ordinance on the subject, which so far as deemed material to be quoted is as follows:

"1. That not more than three places in the city of Roanoke shall be licensed where the business of a pawnbroker may be conducted, and not more than one place shall be designated in the same order, and the license for each such place shall be numbered in regular order as granted, and any license granted, or issued, contrary to and in excess of the provisions of this ordinance, shall be

null and void.  If more than three applications shall be made for such license to cover the same period of time, or any portion of the same period of time, then, and in that event, such license shall be granted to the three applicants who are recommended by the city manager, the superintendent of police, and the captain of detectives of the city of Roanoke, unless the corporation court, or the judge thereof in vacation, shall have good cause to reject said recommendation, and if he shall do so, then his reason therefor shall be set forth at length in the order.

"No license shall be granted to conduct such business in the city of Roanoke, except to persons who are qualified voters of the city of Roanoke, or to a concern or corporation whose managing agents in the city of Roanoke are qualified voters thereof, nor shall any such license be granted to any such voter, concern or corporation, except upon a certificate of the captain of detectives of the city of Roanoke, approved by the superintendent of police and city manager, which shall explicitly state whether the person applying therefor is a proper person to conduct such business and whether the place where the business is proposed to be conducted is a proper and suitable place, and whether such applicant has theretofore complied with the laws governing such business, so far as the records of the police department shows, if the said applicant has theretofore engaged in such business    *    *."

Thereafter the applicant made the second application to said court for the pawnbroker's license aforesaid under the aforesaid statute.

The city opposed that application on the ground that the ordinance last mentioned is valid and that under it the court could not lawfully grant the license to the applicant.  But the court held that such ordinance also

was invalid and void, and again granted the license; and the city assigns error.

*W. J. Henson* and *R. C. Jackson*, for the plaintiff in error.

*C. S. McNulty*, for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

· The decision of all of the questions presented by the assignments of error is dependent upon the decision of a single question which is as follows:

[1] 1. Was the jurisdiction and authority of the corporation court to grant or refuse the applicant the license to exercise or carry on the business of a pawnbroker in the city of Roanoke fixed by the statute contained in section 79 of the tax bill (Code 1919, page 3133); or by the city ordinance on the subject above referred to?

We are of opinion that the State statute fixed the jurisdiction and authority of the court in the premises.

[2, 3] The city relies on the general powers of regulation conferred on the city by the provisions in its charter as amended by the act of Assembly approved March 10, 1920, which gave the city council the power "to regulate or prevent the exercise of any unwholesome business, trade or employment, within the city, and generally to define, abate, suppress or prevent all things detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of the city." The problem presented, therefore, is to ascertain what is the legislative expression on the specific subject under consideration; and we are of opinion that the specific provisions of the statute contained in the aforesaid tax bill cannot be regarded as having been repealed or mod-

ified by the general provisions of the charter aforesaid. Whatever power of regulation of the conduct of the business under the license after it is granted may have been conferred on the city by the aforesaid general provisions of its charter, no authority whatever was conferred on the city by such provisions touching the granting or refusing of the license. It is not a case as to which the State has specifically legislated merely on the subject of the granting of a State license, and has given to the municipality the authority to legislate on the subject of granting or refusing a municipal license to conduct the business within its territorial limits. Under the aforesaid statute only one license is to be granted, and that license entitles the recipient of it to conduct the business in the municipality at the place specified in the license. Hence, we are further of opinion that the legislature has not conferred on the city of Roanoke any authority to limit or affect the jurisdiction and authority of the said court to grant such licenses as that in question; so that both of the aforesaid ordinances being without legislative authority, are null and void. Therefore, we hold that the subject is completely covered and wholly governed by the provisions of the statute aforesaid.

[4] No authority is cited for the city which involves the existence of a specific statute in conflict with city ordinances adopted under general charter powers such as those involved in the instant case.

There are a number of authorities cited and relied on for the city dealing with the situation where the whole legislative authority over the subject has been, by legislative enactment, expressly or by necessary implication, conferred on the municipality. But as that is not the situation presented by the case before us, no further reference to such authorities need be made.

The case will be affirmed.                    *Affirmed.*