# Richmond.

### Jordan v. Town of South Boston.
### Banks v. Town of South Boston.
### Gerst v. Town of South Boston.

March 20, 1924.

1. Statutes—*Fair Construction—Intent Gathered from the Language Should be Given Effect.*—Whether the rule of construction be strict or liberal, the statute should have a fair construction in the light of its enactment, and, if the legislative intent can be gathered from its language, it should be given effect.

2. Jurisdiction—*Territory Fixed by Statute.*—The territory over which a court is to exercise jurisdiction is a matter to be fixed by statute.

3. Criminal Law—*Jurisdiction—Offense if Committed at One Place, but not if Committed at Another.*—If an act is an offense if committed at one place, but not an offense if committed at another, then it is incumbent on the prosecutor to allege and prove that the act was done at the former place. If it is doubtful the prosecution must fail.

4. Municipal Corporations—*Powers Generally Confined to Corporate Limits.*—A municipal corporation is a mere local agency of the State and has no powers beyond the corporate limits except such as are clearly and unmistakably delegated by the legislature.

5. Statutes—*Construction—Casus Omissus.*—If a statute is sought to be applied to a case or object which is omitted from its terms, but which appears to be within the obvious purpose or plan of the statute, and so to have been omitted merely by inadvertence or accident, still the courts are not at liberty to add to the language of the law; and it must be held that the legislature intended to omit the specific case, however improbable that may appear in connection with the general policy of the statute.

6. Statutes—*Construction—Casus Omissus.*—Where the words of a statute, in their primary meaning, do not expressly embrace the case before the court, and there is nothing in the context to attach a different meaning to them capable of expressly embracing it, the court cannot extend the statute by construction to that case, unless it falls so clearly within the reasons of the enactment as to warrant the assumption that it was not specifically enumerated among those

described by the legislature, only because it may have been deemed unnecessary to do so.

7. STATUTES—*Construction—Title—Headline.*—In the construction of statutes the title of the act is entitled to its due share of consideration, and while a headline is not strictly a title, it occupies a closely related position. It contains catchwords which are intended to indicate the contents of a section.

8. INTOXICATING LIQUORS—*Section 25 of the Prohibition Act Extending Jurisdiction of City to Territory within Three Miles of the City Limits—Whether Section 25 Applies to Towns—Case at Bar.*—In the instant case the decisive question was whether the mayor of a town had jurisdiction under section 25 of the prohibition law (Acts 1918, chapter 388) over territory contiguous to the town within three miles of its limits. The headline of section 25 contains no reference to towns but distinctly refers to cities. That portion of the section conferring jurisdiction on cities to the three mile limit is clear and free from ambiguity and confers no such jurisdiction upon towns; then follows a proviso which is a limitation and restraint upon the powers conferred, and cannot properly be said to be also an independent grant of new and additional territorial jurisdiction to towns not mentioned in the specific grant of jurisdiction to the three mile limit.

   *Held:* That section 25 of the prohibition act did not extend the jurisdictional limit of towns, but was restricted to cities.

9. STATUTES—*Proviso—Office of Proviso.*—The general and usual function of a proviso is to exclude what follows from the general statement or provision which precedes it. The meaning of a proviso, however, is to be determined from the language. It may extend or enlarge what precedes it in some cases, but as a general rule its office is not to extend or enlarge what precedes, but to limit and restrain a preceding general statement.

10. STATUTES—*Construction—Penal Statutes — Constructive Offenses.*—A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter though within the reason and policy of the law. To constitute the offense the act must be both within the letter and spirit of the statute defining it. Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case. If a penal statute is so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty. There can be no constructive offenses, and before a man can be punished, his case must be plainly and unmistakably within the statute.

Error to a judgment of the Circuit Court of Halifax county.

*Reversed.*

The opinion states the case.

*M. B. Booker* and *William Leigh, Jr.*, for the plaintiffs in error.

*Jas. S. Easley* and *Frank L. McKinney*, for the defendants in error.

BURKS, J., delivered the opinion of the court.

There is one question which is common to these cases, the answer to which is decisive of the result in each. Did the mayor of the town of South Boston have jurisdiction to hear and determine the case?

Section 27 of the prohibition act (Acts 1918, chapter 388) confers on all cities and towns in the State the right and power to pass · ordinances embracing such provisions of the State prohibition law as are applicable. Pursuant to this power, the town of South Boston "passed an ordinance in the language of the prohibition law."

Section 25 of the prohibition law is in the following language:

"*Enforcement of city ordinance; territory contiguous to cities.*—Nothing in this act shall be construed as conflicting with the jurisdiction of any mayor or police justice in the enforcement of city ordinances, prohibiting the manufacture, sale or distribution of ardent spirits. For the enforcement of such ordinances, the mayor or police justice shall have jurisdiction over the territory contiguous to the city within three miles of the city limits, provided said three mile limit does not interfere with the jurisdiction of the mayor or police justice of any other city or town, and where there is less than six miles between any city or town and '

another city or town, the jurisdiction of the mayor or police justice of either city or town shall extend to one-half the distance between said cities and towns. In any prosecution before a mayor or police justice, the Commissioner of Prohibition shall be notified by the said mayor or justice, in time to attend said trial, and the Commissioner, his deputies and inspectors, shall have the same power in respect to such cases that he has in cases before the circuit court."

South Boston is an incorporated town, and not a city. Section 8 of its charter (Acts 1887-8, chapter 52, page 54) is as follows:   "The jurisdiction of the corporate authorities of said town in criminal matters, and for imposing and collection of a license tax on all shows, performances and exhibitions, shall extend one mile beyond the corporate limits of the said town."

The offenses charged were committed more than one mile and less than three miles from the corporate limits of the town of South Boston.   The plaintiffs in error, respectively, were tried before the mayor of said town for violation of its prohibition ordinance and were convicted; and on appeal to the circuit court the same punishment was inflicted by the jury in each case as that imposed by the mayor, and judgment in accordance with the verdict of the jury was rendered in each case.

The plaintiffs in error insist that section 25 of the prohibition law, hereinbefore quoted, applies to cities only; that South Boston is not a city, but a town; that it is not within six miles of any other town or city; and that the three mile extension of jurisdiction is not applicable to that town.   If the three mile limit is not applicable to the town of South Boston, then the plaintiffs in error were wrongly convicted, and the judgments complained of must be reversed.

The correct interpretation of the statute is difficult, and, recognizing its great importance, we have given it the serious consideration its importance demands. The people of the State have been zealous in enforcing prohibition. They have, through their legislature, enacted stringent laws on the subject, and have from time to time amended these laws and made them more stringent, or extended their operation to cover new situations, or conditions. They have been afraid, however, to entrust their enforcement to justices of the peace, who would otherwise normally have jurisdiction in most cases, and have taken jurisdiction away from them and conferred it on the courts of record. The mayors of towns generally have only the jurisdiction of justices within the corporate limits and for one mile beyond. The act of 1918 did not enlarge this juris- diction as to State offenses, but allowed the cities and towns to adopt ordinances of their own embracing such provisions of the State law as were applicable. This act was still further enlarged in 1922 by giving to the cities and towns the fines imposed for violation of such ordinances, and in other respects. But section 25, extending the jurisdiction of cities to three miles be- yond the city limits, was not changed by the act of 1922, nor have mayors of towns, or justices of the peace, ever been given jurisdiction of offenses under the statute against the State. Whether the right to make ordi- nances extending over the three mile limit is appli- cable to towns or not is the question we have to decide.

[1-3] Whether the rule of construction be strict or liberal, the statute should have a fair construction in the light of its enactment, and if the legislative intent can be gathered from its language, it should be given effect. The territory over which a court is to exercise jurisdiction is a matter to be fixed by statute, and if

an act is an offense if committed at one place, but not
an offense if committed at another, then it is incum-
bent on the prosecutor to allege and prove that the act
was done at the former place.   If it is doubtful, the
prosecution must fail.   Compare *Minturn* v. *Larue*,
23 Howard (64 U. S.) 435, 16 L. Ed. 574; *Cool* v. *Com-
monwealth*, 94 Va. 799, 26 S. E. 411.

[4] A municipal corporation is a mere local agency
of the State and has no powers beyond the corporate
limits except such as are clearly and unmistakably
delegated by the legislature.   *Whiting* v. *West Point*,
88 Va. 905, 14 S. E. 698, 15 L. R. A. 860, 29 Am. St.
Rep. 750; *Washington, A. & Mt. V. Ry. Co.* v. *City
Council of Alexandria*, 98 Va. 344, 306 S. E. 385.

"The reasonable presumption is that the State has
granted in clear and unmistakable terms all it has de-
signed to grant at all."   Cooley Const. Lim. (7th ed.)
271.

[5, 6] We do not question the power of the legislature
to grant to towns police powers to the three mile limit,
but are concerned only with the question, whether or
not it has done so by the act under consideration.
There may be good reasons why it should have done
so, and no good reasons why it should not have done
so.   It may be a mere *casus omissus*, but if so, this
court cannot supply the omission.

In Black on Interpretation of Laws, at page 57, it
is said:   "If the statute is sought to be applied to a
case or object which is omitted from its terms, but
which appears to be within the obvious purpose or plan
of the statute, and so to have been omitted merely by
inadvertence or accident, still the courts are not at
liberty to add to the language of the law; and it must
be held that the legislature intended to omit the specific
case, however improbable that may appear in connec-

tion with the general policy of the statute.   'Where the words of a statute, in their primary meaning, do not expressly embrace the case before the court, and there is nothing in the context to attach a different meaning to them capable of expressly embracing it, the court cannot extend the statute by construction to that case, unless it falls so clearly within the reasons of the enactment as to warrant the assumption that it was not specifically enumerated among those described by the legislature, only. because it may have been deemed unnecessary to do so.   Where the general intention of the statute embraces the specific case, though it is not enumerated, the statute may nevertheless be applied to it by an equitable construction, in promotion of the evident design of the legislature.   But when this is done, it is always presupposed that such a case was within their general contemplation or purview when the statute was enacted; for if the case be omitted in the statute because not foreseen or contemplated, it is a *casus omissus*, and the court, having no legislative power, cannot supply the defects of the enactment.' (*Hull* v. *Hull*, 2 Strobh. Eq. [S. C.] 174).   'Courts of justice can give effect to legislative enactments only to the extent to which they may be made operative by a fair and liberal construction of the language used. It is not their province to supply defective enactments by an attempt to carry out fully the purposes which may be supposed to have occasioned those enactments. This would be but an assumption by the judicial of the duties of the legislative department.'   (*Swift* v. *Luce*, 27 Me. 285.)"

Courts "cannot read into a statute something that is not within the manifest intention of the legislature as gathered from the statute itself.   To depart from the meaning expressed by the words is to alter the

statute, to legislate and not to interpret." 25 R. C. L. 963, section 218, citing many cases.

[7-9] In this view of the law, let us examine the statute called in question.

If we look to the headline of section 25, we find no reference to towns, but distinct reference to cities. That headline is: "Enforcement of city ordinance; territory contiguous to cities."

As said by Marshall, C. J., in *United States* v. *Fisher*, 2 Cranch 358, 2 L. Ed. 304: "Where the mind labors to discover the design of the legislature, it seizes everything from which aid can be derived; and in such case the title claims a degree of notice and will have its due share of consideration."

It is true the headline is not strictly a title, but it occupies a closely related position. It contains catch words which are intended to indicate the contents of the section. Code, section 5, clause 20. That portion of the section expressly conferring jurisdiction on cities is clear and free from ambiguity. It needs no interpretation. It is as follows: "Nothing in this act shall be construed as conflicting with the jurisdiction of any mayor or police justice in the enforcement of city ordinances, prohibiting the manufacture, sale or distribution of ardent spirits. For the enforcement of such ordinances, the mayor or police justice shall have jurisdiction over the territory contiguous to the city, within three miles of the city limits, * *" Then follows a proviso. Now the general and usual function of a proviso is to exclude what follows from the general statement or provision which precedes it.

In 25 R. C. L. 985, section 232, it is said: "A proviso which operates to limit the application of the provisions of a statute, general in their terms, should be strictly construed to include no case not within the letter of

the proviso.   As the natural and appropriate office of a proviso is to restrain or qualify some preceding matter, it should be confined to what precedes, unless it is clear that it was intended to apply to subsequent matter.   And, as a gneral rule, a proviso is deemed to apply only to the immediately preceding clause or provision.''

The meaning of a proviso, however, is to be determined from the language.   It may extend or enlarge what precedes it in some cases, but as a general rule, its office is not to extend or enlarge what precedes, but to limit and restrain a preceding general statement.

In the instant case there was a grant of jurisdiction over all "the territory contiguous to the city within three miles of the city limits," but there might be another city within six miles of the first-mentioned city, or a town whose charter had conferred jurisdiction over the interlock.   So in order to provide for this contingency, and to prevent this conflict of jurisdiction, the proviso was inserted.   But in order for the proviso to be operative, it was necessary that the three mile limit of the city should encroach upon territory over which some other city or town had been given jurisdiction. The object of the proviso was not to confer jurisdiction that did not otherwise exist, but to prevent a conflict between existing jurisdictions.   The jurisdiction of cities was plainly and distinctly conferred, and if it had been intended to confer a like jurisdiction on towns it is to be presumed that it would have been done in equally explicit terms.   The proviso reads:   "* * provided said three mile limit does not interfere with the *jurisdiction* of the mayor or police justice of any other city or town, and where there is less than six miles between any city or town and another city or town the *jurisdiction* of the mayor or police justice of

either city or town shall extend to one-half the distance between said cities and towns." (Italics supplied.) The jurisdiction which is "to extend to one-half the distance" is a clear limitation on the jurisdiction of the cities conferred by the first part of the section, showing the nature and purpose of the proviso. In other words it was a limitation and restraint upon the powers conferred and cannot properly be said to be also an independent grant of new and additional territorial jurisdiction to towns not mentioned in the specific grant of jurisdiction to the three mile limit.

[10] In addition to what has been already said, it must be borne in mind that the statute is penal in its nature. In the recent case of *McKay* v. *Commonwealth*, 137 Va. 826, 120 S. E. 138, it was said: "A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter though within the reason and policy of the law. To constitute an offense the act must be both within the letter and the spirit of the statute defining it. Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case. * * If a penal statute is so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty. Sutherland on Statutory Construction, 350, 352-3."

"There can be no constructive offenses, and before a man can be punished, he must be plainly and unmistakably within the statute." Fuller, C. J., in *United States* v. *Lacher*, 134 U. S. 624, 628, 10 Sup. Ct. 625, 626 (33 L. Ed.) 1080. See also *U. S.* v. *Wiltberger*, 5 Wheat. 76, 5 L. Ed. 37; *Sutherland* v. *Commonwealth*, 109 Va. 834, 65 S. E. 15, 23 L. R. A. (N. S.) 172, 132 Am. St. Rep. 949; *Jennings* v. *Commonwealth*, 109 Va. 821, 63 S. E. 1080, 21 L. R. A. (N. S.) 265, 132 Am.

St. Rep. 946, 17 Ann. Cas. 64; *Withers* v. *Commonwealth*, 109 Va. 837, 65 S. E. 16.

As we interpret the statute, section 25 of the prohibition act (Acts 1918, chapter 388) did not extend the jurisdictional limit of towns, but was restricted to cities. The result is that the judgment of the circuit court in each of these cases must be reversed.

*Reversed.*