Staunton.

TENNY STANLEY V. TOWN OF CLINTWOOD.

September 17, 1925.

1. CRIMINAL LAW—*Jurisdiction of Town—Three Miles Beyond the Corporate Limits—Indictment—Warrant.*—The jurisdiction of a town to enforce its ordinances does not extend three miles beyond its corporate limits, and a warrant charging a violation of the prohibition ordinance of a town within three miles of the corporate limits of the town, so far as it relates to acts committed by the accused more than one and not less than three miles beyond the corporate limits, would be bad on demurrer.

2. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Warrant—Two Counts, one Good and one Bad—General Demurrer.*—Where a warrant charging a violation of a prohibition ordinance contained two counts—one charging a violation of the ordinance within the corporate limits, which was good, and the other charging a violation of the ordinance within three miles of the corporate limits, which was bad, a general demurrer to the warrant was properly overruled.

3. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Several Counts, one of which is Good—General Demurrer.*—Where there is a general demurrer to an indictment containing more than one count, one of which is good, the demurrer should not be sustained.

4. CRIMINAL LAW—*Jurisdiction of Town—Three Miles Beyond the Corporate Limits.*—In a prosecution for a violation of a town ordinance, an instruction permitting conviction if the act complained of was committed within three miles of the corporate limits of the town, was erroneous.

5. INTOXICATING LIQUORS—*General Reputation of Accused—Violation of Municipal Ordinance.*—In a prosecution for the violation of the prohibition ordinances of a town, the town has not the right to prove the general reputation of the accused as a violator of the prohibition law. Section 73 of the prohibition act (section 4675 [42], Code of 1924) deals with violations of the State law and has no reference to offenses against the prohibition ordinances enacted by a city or town.

6. INTOXICATING LIQUORS—*General Reputation of Accused—Constitutionality of Act.*—Section 73 of the prohibition act (section 4675 [42], Code of 1924), providing that in prosecutions against the prohibi-

tion laws the general reputation of the defendant as a violator of such laws may be shown is constitutional.

7. INTOXICATING LIQUORS—*General Reputation of Accused—Violation of Municipal Ordinance.*—Council of a town or municipality has authority, under the State prohibition act, to so change the rules of evidence as to permit the town, in prosecutions for violation of its prohibition ordinances, to prove the general reputation of the accused as a violator of the prohibition laws of the State, or the prohibition ordinances of the municipality, but where the council has failed to adopt that provision of the State prohibition law, such evidence is not admissible in a prosecution for violation of a prohibition ordinance.

8. CRIMINAL LAW—*Instructions—Failure to Point out Guilty Agent.*—The failure of the prosecution to point out, or the defendant to name, the guilty agent and thereby vindicate his own innocence, can never prejudice the rights of the accused, and the refusal of the trial court so to charge on request is error.

Error to a judgment of the Circuit Court of Dickenson county.

*Reversed.*

The opinion states the case.

*S. H. & Geo. C. Sutherland* and *Chase & McCoy*, for the plaintiff in error.

*John M. Skeen*, for the defendant in error.

WEST, J., delivered the opinion of the court.

Tenny Stanley was convicted by the mayor of the town of Clintwood upon a warrant charging a violation of the prohibition ordinances of the town, and sentenced to jail for sixty days and to pay a fine of $100. He appealed to the Circuit Court of Dickenson county, where the jury found him guilty and fixed his punishment at a fine of $50.

The warrant upon which the accused was convicted by the mayor charged "that Tenny Stanley, on the — day of April, 1923, in said corporation, did unlawfully

have in his possession whiskey, ardent spirits, malt liquors, and mixtures thereof, and did possess and was transporting whiskey, ardent spirits, malt liquor and mixtures thereof, in violation of the ordinances of said town."

When the case was called in the circuit court, on his motion, leave was granted the attorney for the town to amend the warrant by inserting after the word "thereof" and before the words "in violation" the words, "within three miles of the corporation lines of the town of Clintwood."

The accused assigns as error the action of the court in overruling his demurrer and motion to quash the warrant as amended.

[1] The jurisdiction of the town to enforce its ordinances did not extend three miles beyond its corporate limits. *Jordan, Banks and Gerst* v. *Town of South Boston*, 138 Va. 838, 122 S. E. 265. Under the amended warrant the charge, so far as it relates to acts committed by the accused more than one and less than three miles beyond the corporate limits of the town, might have been true, and yet the ordinance would not have been violated.

[2, 3] The warrant, as amended, contained, in effect, two counts—one, as contained in the original warrant, charging a violation of the ordinance within the corporate limits, which by operation of law would include a violation of the ordinanace within one mile of the corporate limits of the town; and the other charging a violation of the ordinance within three miles of the corporation line. The first count is good, while the second count is bad, on demurrer. This being true, although it was error to allow the amendment, the demurrer, being general, was properly overruled; the rule being that where there is a general demurrer to an

indictment containing more than one count, one of which is good, the demurrer should not be sustained.

The action of the court in amending instructions as offered by the defendant is also assigned as error.

Instructions Nos. 1 and 2, offered by the accused, as amended and given by the court, read as follows:

1. "The court tells the jury that unless the corporation has proven beyond all reasonable doubt that the place mentioned by the witness for the corporation where the bottle was broken, or the broken jug found, is within the corporate limits of the town of Clintwood, which extends only one-half mile from the court house, *or within three miles of said corporate limits*, you must find the defendant not guilty.

2. "The court tells the jury that the defendant is being tried for a specific act alleged to violate the town ordinance. And proof of his general character as one who performs such acts is not proof that he did the act; *but is only to be considered by the jury together with any other evidence that may have been introduced before them.*"

[4] For the reasons stated in discussing the demurrer, *supra*, it was error for the court to insert in instruction No. 1 the italicized portion thereof.

The defendant had already objected to the introduction of evidence tending to show the reputation of the accused as a violator of the prohibition laws of the State (laws 1918, c. 388). Whether instruction No. 2 as granted correctly propounded the law, depends upon the question whether, in a prosecution for the violation of the prohibition ordinances of the town, the corporation had the right to prove such general reputation on the part of the accused.

[5, 6] In the recent case of *Obey Anthony* v. *Commonwealth*, 142 Va. 577, 128 S. E. 633, this court decided that section 73 of the prohibition law, as amended by laws

1922, c. 345, which provides that it "shall be competent in a prosecution for any offense against the prohibition laws of the State to prove the general reputation of the defendant as a violator of the prohibition laws," does not violate the Virginia Constitution or the Constitution of the United States, and is a valid enactment by the General Assembly.

[7] This section of the statute, however, is dealing with violations of the State law and has no reference to offenses against the prohibition ordinances enacted by a city or town. While the council of the town of Clintwood had the power and authority, under the State prohibition act, so to change the rules of evidence as to permit the town, in prosecutions for violation of its prohibition ordinances, to prove the general reputation of the accused as a violator of the prohibition laws of the State, or the prohibition ordinances of the town, the council having failed to adopt that provision of the State prohibition law, the court ought not to have permitted the introduction of such evidence, and the giving of instruction No. 2, as amended, was prejudicial error.

Defendant's instruction No. 3, as offered by the accused, read as follows: "The court tells the jury that the defendant is presumed to be innocent of the violation with which he is charged, and the burden is on the corporation to prove his guilt beyond all reasonable doubt, and until that is done this presumption of the defendant's innocence is sufficient for his protection and you should find him not guilty. *The defendant is not to be prejudiced by reason of the failure of the corporation to point out any other agent and the defendant is not called upon to vindicate himself by naming the guilty person, neither is the failure of the evidence to point out any other person as the guilty party a circumstance that*

*you may take into consideration in determining his guilt or innocence.*"

The court struck out the italicized portion of this instruction, over the protest of the accused, and he assigns this as error.

[8] The failure of the prosecution to point out, or the defendant to name, the guilty agent and thereby vindicate his own innocence, can never prejudice the rights of the accused. The language in italics contained a correct proposition of law, and the instruction should have been given as offered. *McBride* v. *Commonwealth*, 95 Va. 826, 30 S. E. 454; *Goldman* v. *Commonwealth*, 100 Va. 878, 42 S. E. 923; *Karnes* v. *Commonwealth*, 125 Va. 758, 99 S. E. 562, 4 A. L. R. 1509.

The remaining assignment of error is to the action of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence and without evidence to support it.

Inasmuch as the case will have to be remanded for a new trial, it is unnecessary to discuss this assignment.

For the foregoing reasons, we are of opinion that the judgment complained of is erroneous, and the same will be reversed. The case will be remanded to the Circuit Court of Dickenson county, with instructions to permit the town of Clintwood to strike from the warrant the words which were inserted therein, and proceed with a retrial of the case, not in conflict with the views herein expressed, if the town shall be so advised.

*Reversed.*