# Staunton

## W. W. Floyd, T/A, Etc. v. George D. Fischer, Commissioner, Etc., Et Al.

September 6, 1957.

Record No. 4682.

Present, All the Justices.

The opinion states the case.

*Harry D. Sizemore* and *L. Lee Bean* (*Bean & Sizemore*, on brief), for the plaintiff in error.

*William J. Hassan, Commonwealth's Attorney* (*K. McFarlane Smith, Assistant Commonwealth's Attorney*, on brief), for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

█ Floyd filed a petition in the Circuit Court against the Commissioner of Revenue, the Treasurer, and the County Board of Arlington County for relief from an erroneous tax assessment, for a declaratory judgment and general relief. He prayed that Article 67 of the County Business Privilege Tax Ordinance and Articles 6, 7 and 8 of Title 58, Chapter 7, Code of Virginia, 1950, as amended,[1] be declared ineffective with regard to the operation of his business, the selling of "oil, gasoline and all other motor fuels and lubricants" on the Washington National Airport Reservation.

Petitioner alleged that he had been required by the Commissioner of Revenue to apply for an Arlington County business privilege license and a Virginia retail merchants license; that he applied for said licenses under protest; that both license taxes had been assessed, and that he would be amenable to civil and criminal penalties unless he paid them.

Petitioner further alleged that the Commonwealth of Virginia properly levies and collects a tax of 6¢ per gallon on all gasoline sold by him on said reservation; that Section 107 of United States Public Law 208, 79th Congress, approved October 31, 1945, incorporated and passed by the Virginia legislature in Section 7-9, Code of Virginia, 1950, as amended, grants to the Commonwealth authority to levy said 6¢ per gallon tax on the sale of gasoline, but the requirement for the payment of business license taxes, the costs of which are calculated by volume of sales, is in conflict with United States Public Law 208, 79th Congress, as appearing in Section 7-9, Code of Virginia, 1950, as amended; that such requirement is expressly repealed by provision of said section; and that appellees are acting improperly in assessing or attempting to collect said license taxes from him.

Respondents (appellees) filed a demurrer to the petition in which they asserted that Section 107, as incorporated in Section 7-9, Code of Virginia, 1950, as amended, authorized the Commonwealth of Virginia to levy a tax on the sale of "oil, gasoline and all other motor fuels and lubricants" sold on the reservation "for use in over-the-road vehicles such as trucks, busses, and automobiles, except sales to the United States."

---

[1] Title 58, Chapter 7, deals with State licenses generally; Article 6 of the chapter provides for licensing "merchants, wholesale"; Article 7 for licensing "merchants, retail"; and Article 8 for licensing "merchants, wholesale and retail".

From an order sustaining the demurrer and dismissing the petition we granted Floyd an appeal.

Petitioner argues that in the grant by the Commonwealth of Virginia to the District of Columbia the Commonwealth relinquished all its right of taxation within the grant except that specifically reserved, and that the effect of the grant was to make void within the territory granted Section 67 of the Arlington County Business Privilege Tax Ordinances and Articles 6, 7 and 8 of Title 58, Chapter 7 of the Code of Virginia, 1950, above referred to. With this we agree.

Section 7-9, Code of Virginia, 1950, as amended, reads:

"BOUNDARY LINE BETWEEN VIRGINIA AND DISTRICT OF COLUMBIA.—Whereas there has been passed by the Congress of the United States Public Law two hundred eight—Seventy-ninth Congress, approved October thirty-first, nineteen hundred forty-five, entitled 'An act to establish a boundary line between the District of Columbia and the Commonwealth of Virginia, and for other purposes', Title I of the act being as follows:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"Section 107. The State of Virginia hereby consents that exclusive jurisdiction in the Washington National Airport (as described in section one (b) of the act of June twenty-ninth, nineteen hundred forty (fifty-four Stat. six hundred eighty-six), title to which is now in the United States, shall be in the United States. The conditions upon which this consent is given are the following and none other: (one) There is hereby reserved in the Commonwealth of Virginia the jurisdiction and power to levy a tax on the sale of oil, gasoline, and all other motor fuels and lubricants sold on the Washington National Airport for use in over-the-road vehicles such as trucks, busses and automobiles, except sales to the United States: Provided, that the Commonwealth of Virginia shall have no jurisdiction or power to levy a tax on the sale or use of oil, gasoline, or other motor fuels and lubricants for other purposes; * * *.

"Subject to the limitation on the consent of the State of Virginia as expressed herein exclusive jurisdiction in the Washington National Airport shall be in the United States and the same is hereby accepted by the United States.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"Any provision of law of the United States or the Commonwealth of Virginia which is to any extent in conflict with this act is to the extent of such conflict hereby expressly repealed."

It will be noted that "exclusive jurisdiction" in the territory ceded is in the United States, and the only taxing right reserved by the Commonwealth reads: "There is hereby reserved in the Commonwealth of Virginia the jurisdiction and power to levy a tax on the sale of oil, gasoline and all other motor fuels and lubricants sold on the Washington National Airport for use in over-the-road vehicles such as trucks, busses, and automobiles, * * *."

The county's business privilege tax and the retail merchants tax sought to be assessed by the Commonwealth are not taxes on the *sale* of "oil, gasoline and all other motor fuels and lubricants". They are taxes for the privilege of doing business in the Commonwealth, and the right of the Commonwealth or any of its sub-divisions in the ceded territory was not reserved to exact this privilege tax. The only right reserved under the grant was the right to collect a tax on "the sale" of oil, gasoline and all other motor fuels and lubricants.

Had the Commonwealth intended to reserve the right to assess a license tax or a tax for the privilege of doing business, the right should have been spelled out in plain language. The assessments here sought are regulatory measures and are not taxes on "the sale" of the enumerated products.

The burden was on the Commonwealth and the county to pinpoint the law authorizing them to exact the taxes here sought to be collected, and this has not been done. Clearly it is not within the Commonwealth's reserved authority in the grant. We are not authorized to read into the statute something that was not within the manifest intention of the legislature as gathered from the act itself. To depart from the meaning expressed by the words in the statute is to alter it, resulting in legislation rather than interpretation. *Jordan* v. *Town of South Boston*, 138 Va. 838, 122 S. E. 265.

The Constitution of Virginia (§ 50) provides that "Every law imposing, continuing or reviving a tax shall specifically state such tax, and no law shall be construed as so stating such tax which requires a reference to any other law or any other tax. * * *"

It is elementary that where there is any substantial doubt as to whether or not a business is included in the descriptive language of a legislative enactment imposing a tax, such doubt must be resolved in

favor of the taxpayer. *Estes* v. *City of Richmond*, 193 Va. 181, 68 S. E. 2d 109.

Under the grant from Virginia to the United States the Commonwealth is presumed to have specifically reserved all taxing rights which it intended to reserve, and the Virginia retail merchants license tax and the county's business privilege license tax not having been reserved, they being the taxing rights here sought to be asserted, are necessarily excluded.

For the reasons stated the case is remanded to the Circuit Court with the direction that an order be entered granting petitioner the relief prayed for.

*Reversed and remanded.*