## CIRCUIT COURT OF BOTETOURT COUNTY

Town of Fincastle

v.

Joseph W. Sample

October 29, 1979

Case No. 1440

By JUDGE ROSCOE B. STEPHENSON, JR.

The threshold question before the Court is whether, under the facts presented, the Town of Fincastle (the town) can enforce its water ordinance beyond its corporate limits.

Since the case is before the Court on the defendant's motion to strike the town's evidence, the evidence will be viewed in the light most favorable to the town. The defendant, Joseph W. Sample (Sample), resides outside the town's corporate limits in Botetourt County, and he has refused to pay the connection fee and the "minimum user" fee as provided for in the town's water ordinance. Sample has not contracted with the town for water service, has not requested such service, and has never consumed any of the town's water. The town's Director of Public Utilities testified that all connections except one (including Sample's) were installed to serve structures which were within 250 feet of a town water main. The town adopted an ordinance on October 17, 1977, which provides *inter alia*:

No owner of any premises located within two hundred fifty feet from any street, alley or right-of-way in which there is located an authority owned or publicly designated water

main shall use or allow such premises to be used for human habitation or for any business or purpose or occupy or lease such for occupancy until such house or building has first received a water tap and meter. . . The owner shall be required to pay the minimum water charges for availability of potable water even if he continues to use his private water supply for domestic purposes.

On June 30, 1977, the Botetourt County Service Authority accepted the water system of the Town of Fincastle as a public water system.

As a general rule, a municipal corporation cannot enforce its ordinances beyond its corporate limits. *City of Richmond* v. *County Board*, 199 Va. 679, 101 S.E.2d 641 (1958). A municipal corporation derives all its powers from the legislature and these powers are "specifically limited to the area within the corporate limits of the municipality, unless otherwise conferred in the applicable sections of the Constitution and general laws, as amended, of the Commonwealth." Code Section 15.1-839. *See Light* v. *City of Danville*, 168 Va. 181, 190 S.E. 276 (1937); *Jordan* v. *South Boston*, 138 Va. 838, 122 S.E. 265 (1924).

The town contends its authority to enforce its ordinance beyond its corporate limits is derived from Code Section 15.1-875, which reads:

15.1-875. *Water supplies and facilities.* -- A municipal corporation may provide and operate within or without the municipal corporation water supplies and water production, preparation, distribution and transmission systems, facilities and appurtenances for the purpose of furnishing water for the use of the inhabitants of the municipality; may contract with others for such purposes and services; may require the connection of premises with facilities provided for furnishing water; may charge and collect compensation for water thus furnished; and may provide penalties for the unauthorized use thereof.

No municipal corporation, after July one, nineteen hundred seventy-six, shall construct,

provide or operate without the boundaries of such municipal corporation any water supply system prior to obtaining the consent of the county or municipality in which system is to be located; provided, however, no consent shall be required for the operation of any such water supply system in existence on July one, nineteen hundred seventy-six, or in the process of construction or for which the site has been purchased or for the orderly expansion of such water supply system.

In any case in which the approval by such political subdivision's governing body is withheld the party seeking such approval may petition for the convening of a special court, pursuant to §§ 15.1-37.1:1 through 15.1-37.1:7 of the Code of Virginia.

Code § 15.1-875 gives the town the authority to operate a water system within or without its corporate limits *"for the purpose of furnishing water for the use of the inhabitants of the municipality"* (italics supplied). It also gives the town the power and authority to *"contract with others* for such purposes and services" (italics supplied). In the first instance, the statute refers to "inhabitants of the municipality," and later it refers to "others." The Court construes "others" to mean persons other than inhabitants of the town (i.e., non-inhabitants), and this statute merely gives the town the authority to contract with non-inhabitants. *See Marsh v. Gainesville-Haymarket*, 214 Va. 83, 85, 197 S.E.2d 329 (1973). Consequently, a contract must exist between the town and Sample before the powers conferred upon the town by § 15.1-875 are enforceable against him, and no such contract exists.

The town's reliance upon *Holt* v. *Tuscaloosa*, 439 U.S. 60, 58 L. Ed. 2d 292, 99 S. Ct. 383 (1978), is misplaced. There, the Supreme Court held that an Alabama statute was constitutional which gave municipalities the authority to enforce its police and sanitary regulations within three miles of its corporate limits. But Virginia has no such statute.

The town further contends that the County of Botetourt, by virtue of the resolution of the Botetourt County Service Authority which accepted the town's water system as a public water system, has mandated compliance with the town's ordinance for property outside the town. While such action by the County's water service authority may fulfill the requirements of the second paragraph of Section 15.1-875, the county cannot confer extraterritorial powers upon the town. Again, this is solely a function of the legislature.

Therefore, the Court holds that under the facts of this case (there being no contract between the town and Sample), the town's water ordinance cannot be enforced against Sample.